IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

CALLIE JEROME JOHNSON,

      Plaintiff,

vs.                                Case No. 4:11cv84-SPM/WCS

WACHOVIA BANK,

      Defendant.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding *pro se* and *in forma pauperis*, has filed a second amended civil rights complaint against Defendant, Wachovia Bank. Doc. 5. Plaintiff alleges that when she got out of prison in 2009, she tried to get her money from the bank but was told she needed to access a web site, Floridatreasurehunt.com to get the rest of her cash. Plaintiff contends she has not been successful with the website and the money is missing.

Plaintiff was previously advised that she must demonstrate that this Court has subject matter jurisdiction over this case. Doc. 6. In particular, it was noted that Plaintiff had not alleged the violation of federal law or a federal statute that was violated by the

Bank.  Furthermore, the order advised Plaintiff that because the Bank was not a "state actor" for purposes of a civil rights action under § 1983, this Court did not have jurisdiction under 28 U.S.C. § 1331.

Plaintiff now claims the bank violated a federal law (12 U.S.C. § 1829b) by not demanding that the person withdrawing Plaintiff's money present proper identification. However, Plaintiff presents no facts to support that conclusory assertion.  She has no factual allegations as to when her money was taken or removed, she is unaware whether any other person took her money, she fails to allege that any person at the bank committed any wrong doing, and even fails to clearly state how much money is missing.

Further leave to amend should not be provided as this Court lacks jurisdiction over the Bank in a civil rights action, and Plaintiff fails to present facts upon which to determine whether any cause of action could be pursued in this court.  The complaint fails to state a claim against the Bank and presents no allegations of wrong doing by the Bank.  This case must be dismissed.

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, doc. 7, be **DISMISSED** for failure to state a claim upon which relief may be granted and for lack of jurisdiction.

**IN CHAMBERS** at Tallahassee, Florida, on June 1, 2011.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## <u>NOTICE TO THE PARTIES</u>

A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.